United States Court of Appeals,

Eleventh Circuit.

No. 94-2974.

William Sanford CHENEY, Plaintiff-Appellant,

v.

ANCHOR GLASS CONTAINER CORPORATION, Defendant-Appellee.

Jan. 4, 1996.

Appeal from the United States District Court for the Middle District of Florida. (No. 93-1636-CIV-J-16), John H. Moore, II, Chief Judge.

Before TJOFLAT, Chief Judge, and DYER and GARTH [*], Senior Circuit Judges.

DYER, Senior Circuit Judge:

This appeal arises from a final judgment entered for Appellee Anchor Glass Container Corporation ("Anchor Glass"), pursuant to the local rules for the Middle District of Florida, following a nonbinding arbitration award. Appellant William Cheney ("Cheney") filed an untimely motion to set aside the civil judgment and demanded a trial *de novo,* which the district court denied. We hold the district court abused its discretion and find that the late filing was due to excusable neglect by Cheney's counsel.

## I. BACKGROUND

Cheney originally filed this civil action pursuant to the Florida Civil Rights Act of 1992, §§ 760.01 *et seq.,* and the Age Discrimination Employment Act of 1967, 29 U.S.C. §§ 621 *et seq.,* setting forth a cause of action for age discrimination in state court. Anchor Glass removed the suit to the Middle District of

---

[*]Honorable Leonard I. Garth, Senior U.S. Circuit Judge for the Third Circuit, sitting by designation.

Florida.  The district court referred the case to arbitration and scheduled a hearing for May 18, 1994, based upon discussions with counsel.  Cheney's counsel thereafter initiated a motion to continue the arbitration hearing due to a previously planned vacation.  Anchor Glass joined in the motion, but it was denied. Cheney's lead counsel left for vacation, leaving a relatively inexperienced associate attorney who did not have federal trial court or arbitration experience to represent Cheney at the hearing.

On May 18th the arbitration panel found in favor of Anchor Glass, determining that Cheney had presented a *prima facie* case of discrimination, but had failed to prove that the reasons for termination offered by Anchor Glass were pretextual.  Under Local Rule 8.05(b) for the Middle District of Florida an arbitration award becomes final unless a request for a trial *de novo* is filed within thirty days.[1]  The district court mailed a notice to Cheney on May 18, 1994, informing him that he had until June 17, 1994, to demand a trial *de novo.*  The associate attorney did not think he should file the demand without consulting the lead counsel. Because the associate expected to be out of town when the lead counsel returned from vacation, he told a secretary to advise the lead counsel of the June 17th deadline.  The secretary neglected to relay the message.  Hence, both attorneys erroneously assumed that the demand for trial *de novo* had been filed by the other, and no demand was filed.  The Clerk accordingly entered judgment for

---

[1]Rule 8.05(b) specifically provides as follows:  "At the end of thirty (30) days after the filing of the arbitrator's award the Clerk shall enter judgment on the award if no timely demand for trial de novo has been made pursuant to Rule 8.06."

Anchor Glass on June 20, 1994.

For approximately thirty days between the panel's decision and the parties' receipt of the judgment, the lawsuit proceeded as though there was no award. Cheney contends this was because neither side believed, even before the hearing, that the arbitration would dispose of the suit. Indeed, the award was nonbinding, and the parties continued with discovery and engaged in settlement discussions from May 18th until receipt of the judgment.

Immediately upon receiving the judgment, Cheney's attorneys moved to set it aside on the grounds of excusable neglect, and demanded a trial *de novo,* but by then the demand was six days late. The district judge refused to set the judgment aside and this appeal ensued.

## II. DISCUSSION

We must decide whether the failure to timely demand a trial *de novo* in this case constitutes "excusable neglect" within the meaning of Federal Rule of Civil Procedure 60(b). Rule 60(b) provides in relevant part: "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment ... for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect...."[2]

---

[2]Rule 60(b) motions are directed to the sound discretion of the district court, and we will set aside the denial of relief from such motion only for abuse of that discretion. *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.,* 803 F.2d 1130, 1131-32 (11th Cir.1986); *Seven Elves, Inc. v. Eskenazi,* 635 F.2d 396, 402 (5th Cir. Unit A Jan. 1981); *Fackelman v. Bell,* 564 F.2d 734, 736 (5th Cir.1977). The district court's discretion in this area, however, is not unbounded. *Seven Elves,* 635 F.2d at 402. We will reverse a district court's ruling on a 60(b) motion as an abuse of discretion, for example, where the district court applies an incorrect legal standard.

While we have been at some pain to define "excusable neglect" in different fact situations, *see, e.g., Solaroll Shade, Varnes v. Local 91, Glass Bottle Blowers Assn.,* 674 F.2d 1365 (11th Cir.1982), and *Seven Elves.* The Supreme Court has now clarified the meaning of "excusable neglect" in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership,* 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). There the Court held that a bankruptcy court abused its discretion by refusing to permit the late filing of a proof of claim pursuant to Bankruptcy Rule 9006(b)(1). In reaching its decision, the Court reviewed the meaning of excusable neglect in the context of analogous rules that allow for late filings. It stated that "for purposes of Rule 60(b), "excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Id.* at ----, 113 S.Ct. at 1497. The Court concluded that whether a party's neglect of a deadline may be excused is an equitable decision turning on "all relevant circumstances surrounding the party's omission." *Id.* at ----, 113 S.Ct. at 1498 (citations and footnotes omitted). The factors we must weigh include "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.*

The relevant circumstances weigh in Cheney's favor. In *Pioneer,* the Supreme Court accorded primary importance to the absence of prejudice to the nonmoving party and to the interest of

efficient judicial administration in determining whether the district court had abused its discretion. *Id.* at ----, 113 S.Ct. at 1499. In the instant case, the lack of prejudice to Anchor Glass is similarly key. Anchor Glass does not argue that it suffered any prejudice because Cheney filed his request for a trial *de novo* six days late. We see nothing indicating Anchor Glass was lulled or otherwise prejudiced by the untimely filing; rather, the settlement discussions and continuing discovery indicate that both parties expected to continue litigating regardless of the arbitration panel's decision. Furthermore, we see no adverse impact on the district court or its resources by permitting the case to be tried as it would have been had Cheney complied with Local Rule 8.06.

The reason for the delayed filing was a failure in communication between the associate attorney and the lead counsel. The circumstances of the error were obviously within counsel's control, but their noncommunication and resulting inaction amounts only to an "omission[ ] caused by carelessness." *See id.* at ----, 113 S.Ct. at 1495. In other words, their failure to comply with the filing deadline is attributable to negligence. There is no indication that counsel deliberately disregarded Local Rule 8.06. Anchor Glass has not argued that Cheney intended to delay the trial, or that he sought an advantage by filing late. The nonfiling was simply an innocent oversight by counsel. We find no bad faith that would warrant forfeiture of Cheney's right to a full trial of his cause.

On balance, the lack of prejudice to Anchor Glass, the

minimal degree of delay and the reason therefor, and the lack of impact on the judicial proceedings, when coupled with the lack of bad faith on the part of Cheney, require a finding by the district court that the neglect of Cheney's counsel was "excusable." The district court's failure to so find and to apply the correct legal standard and factors as announced in *Pioneer* constitute an abuse of discretion. For these reasons, we REMAND the case to the district court for further proceedings on the merits of Cheney's claim.