[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 19, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-11115
Non-Argument Calendar
_____

D. C. Docket No. 04-01318-CV-T-30-TBM

ROBERT DALE FISHER,

Plaintiff-Appellant,

versus

OFFICE OF THE STATE ATTORNEY
13TH JUDICIAL CIRCUIT FLORIDA,
HILLSBOROUGH COUNTY, FLORIDA,
CITY OF TAMPA, FLORIDA,
DICK GRECO, Former Mayor, Individual capacity,
RICHARD AKE, Clerk of the 13th Judicial Circuit,
Florida, Official and Individual Capacity, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 19, 2006)

Before TJOFLAT, ANDERSON and BIRCH, Circuit Judges.

PER CURIAM:

Robert Dale Fisher, proceeding pro se, appeals the denial of his motion for default judgment against the Office of the State Attorney ("State") and the Florida Department of Corrections ("DOC"). Fisher also appeals the district court's denial of his motion to reconsider the order allowing these two defendants to join a previously filed motion to dismiss after their time to respond to his complaint had expired.

Fisher filed this action against numerous defendants alleging violations of his civil rights under 42 U.S.C. §§ 1983, 1985(3). Fisher alleged that he was illegally convicted and sentenced. He further alleged that the defendants conspired to violate his constitutional rights by failing to correct his illegal conviction and sentence after receiving notice of their illegality or actively obstructing his attempts to correct this alleged illegal sentence. All of the defendants except for the State and the DOC filed timely motions to dismiss. After their time to respond to Fisher's complaint expired, the State and the DOC admitted that they did not timely respond and moved to join a previously filed motion to dismiss. The district court granted their motion. Subsequently, Fisher asked the district court to reconsider its order and moved for a default judgment against the State and the

2

DOC. The district court dismissed Fisher's complaint on statute of limitations grounds and terminated Fisher's motion. Two days after the order of dismissal, Fisher filed another copy of his motion for reconsideration and for default judgment. The district court denied the motion and this appeal followed.

On appeal, Fisher argues that the district court erred in granting the motion to join because the State and the DOC gave no reason for the delay, the motion was procedurally defective, and, because a copy of the motion was not mailed to him in a timely manner, he was not afforded an opportunity to respond before the district court entered its order.

Although the State's and the DOC's motion was captioned as a "Motion to Join Motion to Dismiss Out of Time," it is appropriately characterized as a Rule 6(b) motion for enlargement of time because it asked the district court to allow the submission of a responsive pleading after the expiration of time for a response. We review a motion for reconsideration of a non-final order for abuse of discretion. Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 805-06 (11th Cir. 1993). We also review the district court's ruling on a motion for enlargement of time under Rule 6(b) for abuse of discretion. See Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 895-98, 110 S.Ct. 3177, 3192-93, 111 L.Ed.2d 695 (1990) (holding that district court did not abuse its discretion in

3

declining to permit late filing of affidavits); Grilli v. Metro. Life Ins. Co., 78 F.3d 1533, 1538 (11th Cir. 1996), amended on other grounds by 92 F.3d 1074 (11th Cir. 1996) (holding that district court did not abuse its discretion in denying requests to opt-out of settlement after expiration of deadline).

When a party is required or allowed to act at or within a specified time, Rule 6(b) permits the district court to exercise its discretion "upon motion made after the expiration of the specified period [to] permit the act to be done where the failure to act was the result of excusable neglect." Fed. R. Civ. P. 6(b).

In Pioneer Inv. Servs. Co. v. Brunswick Assocs., 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), the Supreme Court held that neglect encompasses "inadvertence, mistake, or carelessness, as well as . . . intervening circumstances beyond the party's control." Id. at 388, 113 S.Ct. at 1495. Whether neglect is excusable is an equitable determination "taking account of all relevant circumstances surrounding the party's omission." Id. at 395, 113 S.Ct. at 1498. These circumstances include the danger of prejudice to the opposing party, "the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id. We recognized that Pioneer "accorded primary importance to the absence of prejudice . . . and to the interest of

4

efficient judicial administration." Cheney v. Anchor Glass Container Corp., 71 F.3d 848, 850 (11th Cir. 1996).

Fisher was not prejudiced by the district court's decision to allow the State and the DOC to join the motion to dismiss out of time. The State and the DOC did not raise any new defenses, but requested to join a motion that had been filed for over a month. At the time the State and the DOC moved to join the motion to dismiss, the motions to dismiss filed by all of the other parties were still pending before the district court. Because these motions were still pending, the delay did not adversely affect the administration of the case. The district court's order also promoted efficient judicial administration. By allowing the parties to join the motion, the district court circumvented the need to reconsider a similar issue if and when they sought to have an entry of default or default judgment set aside under Fed. R. Civ. P. 55(c) or 60(b). Because the delay had no adverse impact on the district court or its resources, the length of the delay does not weigh against the district court's decision. An additional relevant circumstance in this case is that the State and the DOC were able to assert meritorious defenses to Fisher's claims. Although Fisher correctly asserts that the State and the DOC did not provide any explanation as to why they failed to respond in a timely manner, when balanced against the factors weighing in favor of the district court's order, this factor alone

is insufficient for us to find that the district court abused its discretion in granting the motion to join.

Furthermore, the district court did not abuse its discretion by denying Fisher's motion to reconsider this order. Rule 6(b) specifically contemplates that a party can obtain an extension of time even after missing a deadline. As discussed previously, the failure to explain the delay does not prohibit the district court from permissibly finding excusable neglect. Furthermore, the State's and the DOC's failure to timely respond and failure to provide an explanation were apparent on the face of the State's and the DOC's motion.

Fisher next argues that the district court erred by not granting his motion for default judgment as to the State and the DOC because they did not timely respond to his complaint and their untimely motion to join should not have been granted. We review the denial of a motion for default judgment for abuse of discretion. Hamm v. DeKalb County, 774 F.2d 1567, 1576 (11th Cir. 1985).

In Hamm, we held that the denial of a motion for default judgment was appropriate where the "answer and response actually were filed prior to the motion for default and within the time set by the court." Id. In Mason v. Lister, 562 F.2d 343 (5th Cir. 1977),[1] the former Fifth Circuit held that "[s]ince the government

---

[1]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed

6

responded to the motion for default judgment promptly, indicating that it had not abandoned the litigation, and since the district court ultimately found plaintiff's claim unable to withstand summary judgment, the refusal to enter the default was not an abuse of discretion." Id. at 345.

Fisher's motions for default judgment were all filed after the State and the DOC moved for, and were granted, leave to join the other parties' motion to dismiss out of time. Thus, the State and the DOC's response to Fisher's complaint was before the district court prior to Fisher's first motion. Because the district court granted the State's and DOC's motion, their response was within the time allowed by the district court. The district court terminated Fisher's first motion for default judgment after finding that Fisher's complaint was due to be dismissed as time barred. Because the motions for default were filed after the State's and the DOC's response to the complaint and the district court ultimately dismissed the complaint as time barred, the district court did not abuse its discretion by not granting Fisher's motions for default.

In two footnotes in his appellate brief, Fisher argues that the district court erred in dismissing his complaint as time barred because he alleged an ongoing conspiracy and the facts which would support a cause of action are not apparent

---

down prior to the close of business on September 30, 1981.

7

because those facts are still being revealed and confirmed by federal investigations. The three defendants filing appellate briefs challenge the timeliness of Fisher's appeal as to this order and whether his brief constitutes a notice of appeal under Federal Rule of Appellate Procedure 3.

"If a document filed within the time specified by Rule 4 gives the notice required by Rule 3, it is effective as a notice of appeal." Smith v. Barry, 502 U.S. 244, 248-49, 112 S.Ct. 678, 682, 116 L.Ed.2d 678 (1992). A notice of appeal in a civil case must be filed "within 30 days after the judgment or order appealed from is entered." Fed. R. App. P. 4(a)(1)(A). If a separate document is required by Fed. R. Civ. P. 58(a)(1), then the order is not entered until 150 days have passed since the judgment or order was entered in the civil docket if a separate document was not filed. Id. at 4(a)(7)(A)(ii).

Federal Rule of Civil Procedure 58(a)(1) required the district court to file a separate judgment, which it did not. Because the district court did not do so, the order was not entered for the purposes of filing a notice of appeal until April 7, 2005. Fisher's brief was filed on April 12, 2005. Therefore, construed as a notice of appeal, Fisher's brief was timely filed.

Under Fed. R. App. P. 3(c), a notice of appeal must "specify the party or parties taking the appeal . . .designate the judgment, order, or part thereof being

8

appealed[] and . . . name the court to which the appeal is being taken." Fed. R. App. P. 3(c). Although the requirements of Rule 3 are jurisdictional, they are also liberally construed. Barry, 502 U.S. at 248, 112 S.Ct. at 681-82. In addition, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). We apply a two part test to determine whether a document should be construed as a notice of appeal. Rinaldo v. Corbett, 256 F.3d 1276, 1278-79 (11th Cir. 2001). First, we ask if the document fulfills the three-part requirement of Rule 3(c)(1) and is therefore the "functional equivalent" of a notice of appeal. Id. at 1279. Second, we determine if the document indicates an intent to appeal. Id. The intent test's focus is on if "it is objectively clear that a party intended to appeal." Id. (internal quotations omitted). Under Barry, intent turns on the notice provided by the document. Id.

Fisher's brief contains his name, the name of this Court, and specifically refers to the district court's order granting dismissal and is therefore the functional equivalent of a notice of appeal. It is less clear whether Fisher's brief demonstrated an "objectively clear" intent to appeal. Fisher's statement of the standard of review, jurisdiction, and the issue, as well as the summary of the argument and the main text of the argument, do not address the order of dismissal.

9

Discussion relevant to the order of dismissal is limited to two footnotes. Although the main thrust of Fisher's appellate brief is not directed toward the order of dismissal, Fisher's first footnote clearly takes issue with the district court's ruling. Given the liberal construction afforded to Rule 3 and to pro se pleadings in general, we hold that Fisher's brief demonstrated an intent to appeal and, therefore, his brief constituted a notice of appeal under Rule 3 as to the order of dismissal.

Turning to the merits of Fisher's argument, we review dismissals under Fed. R. Civ. P. 12(b)(6) for failure to state a claim de novo and treat all the complaint's allegations as true. Kyle K. v. Chapman, 208 F.3d 940, 942 (11th Cir. 2000). "We must affirm the judgment of the district court if the result is correct even if the district court relied upon a wrong ground or gave a wrong reason." Turner v. Am. Fed'n of Teachers, 138 F.3d 878, 880 n.1 (11th Cir. 1998).

In Florida, § 1983 and § 1985 claims are subject to a four year statute of limitations. Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir. 1999) (§ 1983); see Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996) (recognizing that same limitations period applies to § 1983 and § 1985 claims). The time of accrual of the cause of action is governed by federal law. White v. Mercury Marine, Div. of Brunswick, Inc., 129 F.3d 1428, 1435 (11th Cir. 1997). "The general federal rule is that the statute [of limitations] does not begin to run until the facts which

10

would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." Rozar,85 F.3d at 561-62 (citation and internal quotations omitted) (alternation in original). "Plaintiffs must know or have reason to know that they were injured, and must be aware or should be aware of who inflicted the injury." Id. at 562.

A cause of action for damages under § 1983 due to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated. Heck v. Humphrey, 512 U.S. 477, 489-90, 114 S.Ct. 2364, 2374, 129 L.Ed.2d 383 (1994). Thus, under Heck, no cause of action under § 1983 accrues until such invalidation has occurred. Id. at 489, 114 S.Ct. at 2373.

With respect to any claims that survive the Heck bar, Fisher has not alleged that his conviction was invalidated. To the extent that Fisher seeks damages under § 1983 due to an unconstitutional conviction or sentence, his cause of action has not accrued. This encompasses most of Fisher's claims. As to any claims which survive the Heck bar, such claims would be time barred. Fisher's contention that additional facts supporting his claim are still being revealed does not keep the statute of limitations from beginning to run, because Fisher knew of the facts that would support his cause of action by the time of his release from jail on February 16, 2000. Construing the allegations in the complaint as true, during his period of

11

incarceration, Fisher informed various defendants about the illegal actions regarding his criminal conviction and sentence and was unsuccessful in obtaining redress. Also during his period of incarceration, Fisher alleges, DOC officials attempted to hinder his efforts to seek redress. Even if Fisher continued to be hindered by DOC officials as part of a conspiracy with the other defendants until the date of his release from jail, he knew of his injuries by this time but did not file his compliant until more than four years after this date. Therefore, all of Fisher's claims not based on an allegedly illegal conviction and sentence, and thus <u>Heck</u> barred, were barred by the statute of limitations.

Upon review of the district court record and the parties' briefs, we find no reversible error. The district court is due to be affirmed.

**AFFIRMED.**