[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 30, 2009
THOMAS K. KAHN
CLERK

No. 09-13332
Non-Argument Calendar
_____

D.C. Docket No. 08-01731-CV-TCB-1

WILLIAM NORMENT,

Plaintiff-Appellant,

versus

NEWTON COUNTY SHERIFF'S DEPARTMENT,
NEWTON COUNTY, GEORGIA,
RICHARD ANTONIO HOWARD, Individually and as
Deputy Sheriff of Newton County, Georgia,
JOE NICHOLS, Individually and as Sheriff of Newton
County, Georgia,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(October 30, 2009)

Before BLACK, BARKETT and COX, Circuit Judges.

PER CURIAM:

William Norment appeals following the grant of summary judgment to the Defendants. He also appeals the denial of his motion for relief from judgment. We affirm.

## I. Background

On April 20, 2006, Jameson Norment called 911 and told the operator that her son, William Norment, who is a paranoid schizophrenic, had a knife in his bedroom and had not been taking his prescribed antipsychotic medications.[1] During the conversation, the 911 operator overheard William cursing at Jameson and calling her a liar. The operator notified Deputy Richard Antonio Howard of the Newton County Sheriff's department of the disturbance, and he proceeded to the Norment residence to investigate the situation.

When Deputy Howard arrived, William opened the front door and permitted him to enter the home. Jameson then came out of a bedroom where she had sought refuge during the 911 call and informed Deputy Howard that William was mentally ill, not on his medication, and needed to be evaluated at the hospital. While Deputy Howard attempted to speak with Jameson, William disrupted the conversation by verbally abusing and cursing at his mother. Deputy Howard warned William three

---

[1]We summarize the facts of this case from Defendants' statement of material facts. (R.2-32 at 310.) The reasons for doing so are discussed in section II of this opinion.

times to calm down and watch his mouth, but William continued to curse at Jameson. At this point, Deputy Howard placed William's hands behind his back and secured them in handcuffs. William then threatened Jameson by telling her, "I'll be back."

In order to diffuse the situation, Deputy Howard escorted William out of the house. On their way out, William violently kicked the front door open and kicked over a metal lantern that was on the front patio. Deputy Howard and William then walked fifteen feet into the front yard, where William cursed again at his mother, "bucked," and attempted to remove the handcuffs. (R.2-32 at 316.) After noticing William had removed one of his hands from the handcuffs, Deputy Howard swept William's legs out from under him and took him to the ground. (*Id.* at 317.) Deputy Howard performed this maneuver in order to minimize the risk that William would strike him with the handcuffs. (*Id.* at 316.)

Deputy Howard then helped William to his feet and escorted him to a patrol car. During the walk to the car, William complained that his neck was injured. Deputy Howard secured him in the back of the car and called for an ambulance, which arrived fifteen minutes later. Paramedics immobilized William and transported him to a hospital, where he received treatment for a serious neck injury.

William filed this lawsuit in the Superior Court of Newton County, Georgia claiming that Deputy Howard is liable under 42 U.S.C. § 1983 for violating his

3

Fourth and Fourteenth Amendment rights to be free from excessive force by state officers. The Complaint also asserted constitutional claims against Newton County and the Newton County Sheriff's Department as well as state law claims of battery and negligence against Deputy Howard and Joe Nichols, the Sheriff of Newton County. The Defendants removed the case to the United States District Court for the Northern District of Georgia.

The Defendants moved for summary judgment on all claims. William opposed the motion, but failed to file a response to Defendants' statement of material facts. Applying the local rules, the court deemed all of the facts set forth in Defendants' statement to be admitted. (R.3-50 at 6.) Due to concessions William made in his summary judgment response brief, the court held William abandoned all constitutional claims except the one against Deputy Howard in his individual capacity. The court granted summary judgment on the remaining claims based on qualified immunity for the constitutional claim and official immunity for the state law claims. William then filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(1), which the court denied. William now appeals; his only arguments are that the court erred in granting summary judgment to Deputy Howard, and it erred in denying his motion for relief from that judgment.

## II. William's Motion for Relief from Judgment

William contends his failure to file a response to Defendants' statement of material facts was inadvertent and amounted to excusable neglect. Federal Rule of Civil Procedure 60(b) provides that upon "just terms," the court may relieve a party from final judgment on several grounds, including "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Whether failure to comply with a local rule may be excused is an "equitable decision turning on 'all relevant circumstances surrounding the party's omission.'" *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996) (*quoting Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395, 113 S. Ct. 1489, 1498 (1993). We factor "the danger of prejudice to the opposing party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* Notably, this court "has demonstrated its wariness" of grants of relief from judgment based upon attorney error. *Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993).

William's counsel claims he prepared the required statement of facts and delegated to his secretary the task of filing the statement. He states that in the course of filing many documents, "she overlooked this particular document." (Appellant's

5

Br. at 7.) Even so, Defendants' brief in reply to William's opposition to summary judgment noted the failure to file the required statement. (R.3-43 at 2 n.1.) So, William's counsel had notice of the error, yet he did not seek leave to correct it during the five months that the motion for summary judgment was pending. William argues that the reply brief pointed out the error in a footnote with "remarkably small" type size. (Appellant's Br. at 23.) But, this does not excuse William's failure to make sure the proper documents were filed with the district court. It was William's burden, not that of Defendants' counsel, to ensure he complied with the local rules.

William's counsel waited five months before attempting to correct his error; this delay was significant. Also, because William had notice of his failure to file the required statement, but he made no effort to correct the mistake, his counsel's error was too serious, even if made in good faith, to be considered "excusable neglect." The length of the delay and the reason for the delay are factors that weigh against excusing William's failure to file a response to Defendants' statement of material facts. We conclude the district court did not abuse its discretion in denying William's motion for relief from judgment.

### III. William's Appeal of Summary Judgment

The district court acted consistent with local rules when it deemed the facts set forth in Defendants' statement of material facts admitted and within its discretion

6

when it denied William's motion for relief from judgment. We therefore base our review of the facts on Defendants' statement of material facts. William's brief does not consider this version of the facts. He implicitly acknowledges, and we agree, that under these facts, Deputy Howard is entitled to qualified immunity on the constitutional claim and official immunity on the state law claims. We hold the district court did not err in granting summary judgment to Deputy Howard on all claims.

AFFIRMED.