[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12054
Non-Argument Calendar
_____

D.C. Docket No. 1:09-cv-00528-TCB


DAVID S. YANG,

Plaintiff-Appellant,

versus

JAMES R. WORRELL, GENERAL AGENT, INC.,
d.b.a. Northwestern Mutual Life Insurance Co.,

Defendant,

BULLOCK FINANCIAL GROUP, INC.,
d.b.a. Northwestern Mutual Life Insurance Co.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(March 18, 2013)

Before HULL, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

David S. Yang appeals the denial of his Motion to Extend the Time in Which to File His Notice of Appeal ("Motion"), which he made following the district court's grant of summary judgment to his former employer, Bullock Financial Group, Inc. ("Bullock Financial"), in a discrimination suit. Yang argues that the late notice was the result of excusable neglect and the district court should have granted an extension to file his appeal.

We review a district court's decision regarding excusable neglect for an abuse of discretion. *Advanced Estimating Sys., Inc. v. Riney*, 77 F.3d 1322, 1325 (11th Cir. 1996). "[A]n abuse of discretion occurs if the judge fails to apply the proper legal standard or to follow proper procedures in making the determination, or makes findings of fact that are clearly erroneous." *Heffner v. Blue Cross & Blue Shield of Ala., Inc.*, 443 F.3d 1330, 1337 (11th Cir. 2006). We have explained that the excusable neglect standard involves discretionary judgment that allows the district court "some range for choice" in its decision. *Riney*, 77 F.3d at 1325.

The Federal Rules of Appellate Procedure provide that a party in a civil case must file a notice of appeal "within 30 days after the judgment or order appealed

2

from is entered" in order to invoke the jurisdiction of the appellate court.  Fed. R. App. P. 4(a)(1)(A).  The timely filing of a notice of appeal is a mandatory prerequisite to our exercise of appellate jurisdiction.  *Riney*, 77 F.3d at 1323. However, a district court may extend the time to appeal if the party establishes "excusable neglect or good cause" to justify the late filing.  Fed. R. App. P. 4(a)(5)(A)(ii).

In the context of a bankruptcy proceeding, the Supreme Court has established a four-factor test for determining whether a party's neglect of a deadline is excusable.  *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S. Ct. 1489, 1498 (1993).  These *Pioneer* factors apply in the context of motions to extend time to appeal.  *Riney*, 77 F.3d at 1323. Accordingly, courts determine whether an untimely appeal should be excused by assessing: (1) the risk of prejudice to the appellee; (2) the length of delay and its potential impact on the proceedings; (3) the reason for the delay and whether the delay was within the reasonable control of the moving party; and (4) whether the appellant acted in good faith.  *Id.* at 1325.  The *Pioneer* standard is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission."  *Pioneer*, 507 U.S. at 395, 113 S. Ct. at 1498.  In applying the standard, "the Supreme Court accorded primary importance to the absence of prejudice to

3

the nonmoving party and to the interest of efficient judicial administration."
*Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996).

In *Cheney*, a district court denied a motion for a six day extension of time to file a demand for a new trial following an adverse arbitration determination. *Cheney*, 71 F.3d at 849. We considered whether to excuse, pursuant to Federal Rule of Civil Procedure Rule 60(b) and *Pioneer*, the untimely demand for a trial. *Id.* at 849-50. We found that the factors weighed in favor of extension, because the nonmovant was not prejudiced by the delay since it was not "lulled" by the untimely filing, indicated by continued activity in the case. *See id.* at 850. In sum, "the lack of prejudice . . ., the minimal degree of delay and the reason therefore, and the lack of impact on the judicial proceedings, when coupled with the lack of bad faith on the part of [the movant], require a finding by the district court that the neglect of [the movant's] counsel was 'excusable.'" *Id.* We found an abuse of discretion and remanded the case. *Id.*

Here, Yang, through counsel, filed a notice of appeal on September 26, which was thirty-four days after the district court granted summary judgment to Bullock Financial. Yang moved the district court to extend the time to appeal, asserting that his untimely filing was caused by excusable neglect. Yang explains that his third counsel, Rita Cherry, had relocated her mother, on July 23, 2010,

4

following congestive heart failure, from New York to Georgia and assumed the role of her full-time caretaker. He asserts that, due to the stress and constant monitoring associated with caring for her mother, Cherry looked at two dates and inadvertently miscalendared the due date to file Yang's Motion for Reconsideration for September 27, 2010; the deadline for the appeal was actually due on September 22, 2010. He asserts that Cherry did not discover this error until she prepared to file the Motion for Reconsideration on September 26. Subsequently, Cherry filed a Notice of Appeal and a Motion for an Extension of Time in Which to File the Notice of Appeal. The district court denied the Motion.[1]

"[T]aking account of all relevant circumstances surrounding the party's omission," *Pioneer*, 507 U.S. at 395, 113 S. Ct. at 1498, we hold that, although there is no evidence of bad faith in this late filing, the district court did not abuse its discretion in denying Yang's Motion.

We cannot conclude that the district court abused its discretion in finding that Bullock Financial and the court were prejudiced by this delay and that any

---

[1]    We previously vacated and remanded the district court's denial of Yang's Motion; we held that the district court did not properly consider the *Pioneer* factors. *See Yang v. Bullock Fin. Grp., Inc.*, 435 F. App'x 842 (11th Cir. 2011). On remand, the district court properly considered the *Pioneer* factors, held that the neglect was not excusable, and denied the Motion.

neglect was not excusable.  Here, Bullock Financial was prejudiced because it (and the district court) was lulled into believing that this lawsuit was concluded. *Cf. Cheney*, 71 F.3d at 849 (holding, *inter alia*, that "nonmovant was not prejudiced by the delay since it was not 'lulled' by the untimely filing, indicated by continued activity in the case").  In *Cheney*, this Court held that the party was not prejudiced when both parties had continued with discovery and engaged in settlement discussions during the period leading up to the deadline to demand a trial.  *Id.*  This continued activity indicated that both parties had the expectation that the litigation was to continue, and accordingly the party was not "lulled or otherwise prejudiced by the untimely filing."  *Id.*  Here, by contrast, Yang did not (1) file any objections to the magistrate judge's Report and Recommendation ("R&R"),[2] (2) any motion for reconsideration or any other filings challenging the district court's adoption of the R&R, or (3) a timely notice of appeal.  The R&R was filed on July 30, 2010, one week after Cherry returned to Atlanta with her mother, and the district court did not adopt the R&R until August 23, 2010.  The deadline for Yang to file a notice of appeal was thirty days later—i.e., on

---

[2]     Without independently commenting on the merits of Yang's underlying claims, we note that the R&R stated, *inter alia*, that, "Plaintiff's current counsel . . . should have been aware that plaintiff's claims were objectively frivolous."  Yet Yang filed no objection to the R&R or any motion challenging the district court's adoption of the R&R.

September 22.  There is no indication in the record that Yang's counsel made any contact with Bullock Financial or the district court during this period.  There is no indication that there were any settlement discussions and no indication that Yang gave any indication to either Bullock Financial or the district court that he desired to continue this litigation.  *Cf. Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1357 (11th Cir. 2009) ("Given Plaintiffs' record [of continued activity in the case], it was to be expected that Plaintiffs would respond to Anthem's third motion and that the district court would eventually rule on the merits.").  In addition, Bullock Financial filed a Motion for Sanctions related to this lawsuit on February 1, 2010, well before Cherry was notified that her mother was ill.  Yang never objected to this motion, either before the magistrate judge ruled or after the ruling.  The lack of continued activity in this case, in contrast to *Cheney*, persuades us that the district court did not abuse its discretion in finding that Bullock Financial was prejudiced by this delay, and that this delay negatively impacted the judiciary's interest in finality of litigation.  *See Cheney*, 71 F.3d at 849-50; *see also Riney*, 77 F.3d at 1325 ("Primary importance should be accorded . . . to the interest of efficient judicial administration.").

Additionally, Yang has failed to show that any neglect was excusable in light of all of the evidence above.  Although Yang argues that Cherry transposed

7

two dates, the district court adopted the R&R over a month after Cherry brought

her mother to live with her in Atlanta.  The deadline to file the notice of appeal

was an additional thirty days after this date.  Moreover, the district court found "it

is unclear how [Cherry's] mother's illness impacted her calendaring of the appeal

deadline."  D.C. Order at 7.  We also note that, in Yang's initial brief in support of

his Motion, Yang cited only the stress associated with Cherry's mother's illness

and Cherry's caretaking responsibilities.  There was no mention of the transposing

of dates with respect to the appeal deadline until after Bullock Financial pointed

out that Yang had failed to cite any specific facts as to why he could not meet the

filing deadline between August 23, 2010, and September 22, 2010.  Then, for the

first time in a reply brief, Yang's attorney asserted that she had transposed the July

30, 2010, date of the R&R with the August 23, 2010, date of the district court's

order.  However, there is still little or no record evidence to explain how the

attorney could have come up with August 30 as the date from which to calculate

the 30-day deadline.

We cannot conclude that the district court abused its discretion in finding

prejudice to Bullock Financial and adverse impact on court proceedings in light of

the fact that it is not unreasonable to assume that both Bullock Financial and the

court were lulled into thinking the litigation was over by Yang's prolonged

8

inaction.  And we cannot conclude that the district court abused its discretion in discounting the reasons for the delay proffered by Yang's attorney.  Although the length of the delay is very short, and there was no finding of bad faith, after weighing all the circumstances in the record, and according the district court the discretion it is due, we cannot conclude that the district court has abused its discretion in denying Yang's Motion.

**AFFIRMED.**