[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14682
Non-Argument Calendar
_____

D.C. Docket Nos. 6:11-cv-00990-JA-KRS; 6:08-cr-00228-JA-KRS-2

JOSE ROSARIO OQUENDO,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 26, 2013)

Before MARCUS, JORDAN, and KRAVITCH, Circuit Judges.

PER CURIAM:

Jose Rosario Oquendo appeals the district court's denial of his Federal Rule

of Civil Procedure 60(b) motion seeking relief from the district court's order

dismissing his 28 U.S.C. § 2255 motion. Upon review of the record and the parties' briefs, we conclude that the district court abused its discretion by not applying the correct legal standard when denying Mr. Oquendo's Rule 60(b) motion.

## I.

Mr. Oquendo filed a timely § 2255 motion on June 7, 2011. The district court referred the motion to its magistrate judge, who issued an order directing the government to respond. The magistrate judge also warned Mr. Oquendo that his failure to "advise the Court of any change of address . . . will result in the case being dismissed for failure to prosecute." The government filed its opposition to Mr. Oquendo's § 2255 motion, and on May 1, 2012, the magistrate judge issued an order giving Mr. Oquendo 45 days to respond. Although the order was sent to Mr. Oquendo's listed address at a facility in Puerto Rico, it was returned as undeliverable.

On May 16, 2012, the magistrate judge issued an order to show cause for why the action should not be dismissed in light of Mr. Oquendo's failure to keep his address current. This order was sent to the address listed on the Federal Bureau of Prisons' Inmate Locator website, but it too was returned as undeliverable.[1]

---

[1] The record does not indicate the particular facility to which the district court sent its order to show cause.

On June 1, 2012, the district court entered an order dismissing Mr. Oquendo's § 2255 motion for failing to keep the court apprised of his address. Although dismissed without prejudice, the dismissal was functionally with prejudice because the statute of limitations for Mr. Oquendo's § 2255 motion had run.

Four weeks later, Mr. Oquendo filed a motion for relief from judgment pursuant to Rule 60(b), along with an affidavit and memorandum of law. He explained that the court's orders were returned as undeliverable because he was in "transfer" starting May 8, 2012, which entailed being moved between different prison facilities until reaching the institution where he would ultimately serve his sentence.[2] Mr. Oquendo stated in his affidavit that during this "transfer" period it was prison policy to not inform an inmate of when he will be transferred, how long he would stay at each "holdover" facility, and to separate the prisoner from his property, including legal documents, until he reached his final destination. He also offered an explanation for why he failed to update his address: "I was waiting to reach my final destination [sic] Otisville New York to inform the court regarding my change of address. While one is in transfer [sic] is difficult to inform the Court because one does not know how much time one will spend in each holdover prison." Mr. Oquendo eventually sought the assistance of a library law clerk, who

---

[2] It is unclear from the record whether Mr. Oquendo was still in transfer when he filed his Rule 60(b) motion.

explained to him that the district court had dismissed his § 2255 motion. Still without his legal documents, he filed his Rule 60(b) motion.

On July 3, 2012, the district court denied Mr. Oquendo's Rule 60(b) motion. The court offered no explanation for its denial: "This case is before the Court on Petitioner's Motion for Reconsideration. Upon consideration, the motion is DENIED." On January 28, 2013, we granted Mr. Oquendo's certificate of appealability on the following issue: "Whether the district court abused its discretion when it denied Oquendo's Fed. R. Civ. P. 60(b) motion for reconsideration of its order, which effectively dismissed with prejudice his 28 U.S.C. § 2255 motion to vacate for failure to notify the court of his current address?" We answer that question in the affirmative.

## II.

It is within the "sound discretion of the district court" whether to grant a Rule 60(b) motion, "and we will set aside the denial of relief from such motion only for abuse of that discretion." *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 849 n.2 (11th Cir. 1996). This standard means that the district court is afforded "a range of choice" in making its decision, and "we cannot reverse just because we might have come to a different conclusion had it been our call to make." *Sloss Industries Corp. v. Eurisol*, 488 F.3d 922, 934 (11th Cir. 2007) (citation omitted). A district court, however, exceeds its range of choice when it

4

fails to apply the correct legal standard, *see Advanced Estimating Sys., Inc. v. Riney*, 77 F.3d 1322, 1325 (11th Cir. 1996), or when it fails to even consider the standard, *see Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1356 (11th Cir. 2009). Under either circumstance, we may remand the case for application of the proper standard, or apply the proper standard in the first instance. *Compare Riney*, 77 F.3d at 1325 (remanding for reconsideration), *with Conn. State Dental Ass'n*, 591 F.3d at 1356-57 (reversing the denial of a Rule 60(b) motion). Remanding is often the more appropriate course because it allows the district court room for the exercise of its discretionary judgment. *See Riney*, 77 F.3d at 1325.

Under Rule 60(b)(1), a movant may seek relief from final judgment by showing "excusable neglect." To determine whether a movant's neglect is excusable a court is required to engage in an equitable inquiry into "the particular circumstances of the case," *Conn. State Dental Ass'n*, 591 F.3d at 1355 (citing *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)), and must consider in its analysis (1) "the danger of prejudice to the [opposing party]," (2) "the length of the delay and its potential impact on judicial proceedings," (3) "the reason for the delay, including whether it was within the reasonable control of the movant," and (4) "whether the movant acted in good faith." *Cheney*, 71 F.3d at 850 (quoting *Pioneer Inv. Servs. Co.*, 507 U.S. at 395).

We have repeatedly explained that a district court abuses its discretion when it denies a Rule 60(b)(1) motion without engaging in this required inquiry. *See, e.g.*, *Conn. State Dental Ass'n*, 591 F.3d at 1356-57.

Here, the district court abused its discretion because it failed to provide any explanation for its denial of Mr. Oquendo's Rule 60(b)(1) motion. Mr. Oquendo conceded in his affidavit that while in "transfer" he was capable of complying with the court's order to keep his address current, but argued that under the circumstances his neglect of the order was excusable. The district court should have therefore considered the relevant factors to determine whether Mr. Oquendo's explanation excused his failure to update his address. Unfortunately, the district court provided no explanation for its dismissal. *Cf. Danley v. Allen*, 480 F.3d 1090, 1091 (11th Cir. 2007) ("Many times, and in many contexts, this Court has admonished district courts that their orders should contain sufficient explanations of their rulings so as to provide this Court with an opportunity to engage in meaningful appellate review.") (citations omitted). Rather than conduct the Rule 60(b)(1) analysis ourselves, we choose to remand to allow the district court to exercise its discretion under the proper legal standard. *See, e.g.*, *Riney*, 77 F.3d at 1325. We do so because such a course is more appropriate in light of the significant discretion a district court is afforded in ruling on a Rule 60(b)(1) motion.

6

## III.

For the reasons stated, we vacate the district court's denial of Mr. Oquendo's Rule 60(b)(1) motion and remand the case to allow the district court to apply the correct standard in the first instance.

**VACATED AND REMANDED.**