[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-14852
Non-Argument Calendar

_____

D.C. Docket No. 3:18-cv-00051-DHB-BKE

GLADYS CHEGE,

Plaintiff - Appellant,

versus

GEORGIA DEPARTMENT OF JUVENILE JUSTICE,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(June 2, 2020)

Before NEWSOM, LAGOA, and EDMONDSON, Circuit Judges.

PER CURIAM:

Plaintiff Gladys Chege, through her appellate lawyer, appeals the district court's denial of Plaintiff's pro se motion -- pursuant to Fed. R. Civ. P. 60(b) -- to vacate the district court's dismissal of Plaintiff's civil action against her former employer, the Georgia Department of Juvenile Justice ("Department").  No reversible error has been shown; we affirm.

In June 2017, Plaintiff filed in state court a civil action against the Department, asserting claims for violation of federal and state law.  The Department removed the case to federal district court and moved to dismiss the complaint.  Plaintiff did nothing.

The district court later ordered Plaintiff to respond to the Department's motion to dismiss on or before 13 October 2017.  The district court also noted that Plaintiff's then-lawyer (T) had not yet filed his appearance in the case.

On 26 October 2017 -- three months after removal and sometime after the deadline for responding to the Department's motion to dismiss had expired -- T applied for pro hac vice admission in the district court.  The district court granted the application and extended sua sponte the deadline for responding to the Department's motion.  The district court said explicitly that failure to respond would result in dismissal of the case.  Plaintiff still filed no response to the

2

Department's motion.  The district court granted the Department's motion and dismissed the case.

About six months later, in May 2018, Plaintiff (represented by T) filed a second complaint against the Department in state court: a complaint nearly identical to the complaint filed in Plaintiff's first civil action.  Once again, the Department removed the case to federal district court and moved to dismiss the complaint.

On 17 August 2018, the district court dismissed Plaintiff's second civil action for want of prosecution and for failure to comply with court orders.  In this second case, the district court explained that T had failed to comply with the court's instructions to file for pro hac vice admission and Plaintiff never had responded to the Department's motion to dismiss.

On 24 September 2018, Plaintiff filed pro se a motion to vacate the district court's 17 August order of dismissal of her second action.  Plaintiff said she was proceeding pro se because T had not yet been able to secure a sponsor for his pro hac vice application.  Plaintiff also explained that T's ability to practice law and to comply with court-imposed deadlines had been impaired by T's ongoing divorce

proceedings and resulting financial difficulties.  The district court denied Plaintiff's motion.[*]

"Rule 60(b) motions are directed to the sound discretion of the district court, and we will set aside the denial of relief from such motion only for abuse of that discretion."  Conn. State Dental Ass'n v. Anthem Health Plans, Inc., 591 F.3d 1337, 1355 (11th Cir. 2009).  To obtain relief under Rule 60(b), a movant must do more than show that the district court could have vacated its order: the movant "must demonstrate a justification so compelling that the court was required to vacate its order."  Solaroll Shade & Shutter Corp., Inc. v. Bio-Energy Sys., Inc., 803 F.2d 1130, 1132 (11th Cir. 1986).

Rule 60(b) allows a court to relieve a party from a final judgment or order for various reasons, including upon a showing of "mistake, inadvertence, surprise, or excusable neglect."  Fed. R. Civ. P. 60(b)(1).  The aim of Rule 60(b) is to strike a balance "between the desideratum of finality and the demands of justice."  Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 402 (5th Cir. 1981).

"Excusable neglect" may be shown when "the failure to comply with a filing deadline is attributable to negligence."  Cheney v. Anchor Glass Container Corp.,

---

[*] In an earlier appeal, we vacated this denial of Plaintiff's Rule 60(b) motion because the district court's order stopped short of showing that the court had considered adequately the pertinent circumstances surrounding Plaintiff's omissions, per Pioneer.  We remanded the case.  See Chege v. Ga. Dep't of Juvenile Justice, 787 F. App'x 595 (11th Cir. 2019).  This appeal is from the district court's denial after remand.

71 F.3d 848, 850 (11th Cir. 1996) (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 394 (1993)).  Whether a party's non-compliance with a deadline constitutes "excusable neglect" is "an equitable decision turning on 'all relevant circumstances surrounding the party's omission.'"  Id.  Among the circumstances pertinent to determining "excusable neglect" are "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."  Pioneer, 507 U.S. at 394.  The district court's denial which is now under review was clearly guided by Pioneer.

About the danger of prejudice to the Department, the district court focused on the lack of activity in the case and Plaintiff's history of failing to prosecute her claims.  Plaintiff -- months apart -- filed two nearly identical civil actions against the Department, each of which was dismissed after Plaintiff failed entirely to respond to the Department's motion to dismiss.  Plaintiff then filed the Rule 60(b) motion at issue here in September 2018: 15 months after Plaintiff filed her first complaint against the Department, 4 months after Plaintiff filed her second complaint, and 38 days after the district court dismissed Plaintiff's second case for want of prosecution.  Also, despite the district court's orders, Plaintiff's lawyer

took three months to file for pro hac vice admission in Plaintiff's first case and filed no appearance in Plaintiff's second case.

Given this consistent pattern of delay, the district court determined reasonably that the Department would be prejudiced by the granting of Plaintiff's Rule 60(b) motion.  We stress that the danger of prejudice here stems not from the Department's having merely to defend against Plaintiff's claims but, rather, from the duplication of time, effort, and expense required for the Department -- amid months-long delays -- to respond repeatedly to Plaintiff's claims over two separately-filed identical civil actions.  Cf. Conn. State Dental Ass'n, 591 F.3d at 1357 ("[T]he inquiry is whether prejudice results from the delay, not from having to continue to litigate the case." (emphasis in original)).

In a similar way, Plaintiff's ongoing delays and failure to comply with court orders also impose an undue burden on the district court: a consideration that weighs against Plaintiff and in favor of the court's interest in the finality of judgments and judicial efficiency.  Litigating a claim as Plaintiff has done involves for the court an unnecessary repetition of time and trouble in getting the claim heard and decided.  The district court has already afforded Plaintiff ample time and opportunity to respond to the Department's motions to dismiss and for Plaintiff's lawyer to enter an appearance in the case.

About the reason for the delay, Plaintiff asserted in her Rule 60(b) motion that her lawyer's ability to practice law and to comply with court-imposed deadlines had been impaired by his ongoing divorce proceedings and resulting financial difficulties. We have excused untimely filings resulting from a lawyer's single mistake of fact. See Conn. State Dental Ass'n, 591 F.3d at 1356 (noting that, although plaintiff's lawyers failed to comply with a series of court orders, that failure was attributable to a single failure to file appearances on the tag along docket); Cheney, 71 F.3d at 850 (excusing a delayed filing -- as an "innocent oversight by counsel" -- when the delay resulted from a miscommunication between plaintiff's two lawyers, each of whom thought the other had completed the filing); see also Advanced Estimating Sys. v. Riney, 130 F.3d 996, 999 (11th Cir. 1997) (concluding that a delay resulting from a lawyer's mistake of law -- as opposed to a mistake of fact -- cannot constitute excusable neglect).

Unlike the circumstances in Conn. State Dental Ass'n and in Cheney, this case involves more than a single missed deadline: against the background of the previous uselessly-filed lawsuit, Plaintiff's lawyer here failed entirely to seek pro hac vice admission in Plaintiff's second case and failed to respond to the Department's motion to dismiss. In addition, we cannot say that these deficiencies were completely outside of Plaintiff's control. When Plaintiff filed her second civil action, Plaintiff already knew of her lawyer's personal difficulties and knew

7

that her lawyer had a history of being unable to perform diligently his professional responsibilities.

We accept the district court's finding that nothing evidences Plaintiff acted in bad faith.  Still, the district court abused no discretion in determining that the pertinent circumstances presented in this case weighed against granting Plaintiff relief under Rule 60(b)(1).  That this result punishes Plaintiff some for the conduct of her lawyer is no basis for finding an abuse of discretion.  See United States v. Davenport, 668 F.3d 1316, 1325 (11th Cir. 2012) ("[B]oth the Supreme Court and this Court have emphasized that represented parties are not entitled to relief simply because they were penalized by the omissions of counsel.").

AFFIRMED.