United States Court of Appeals,

Eleventh Circuit.

No. 95-4834

Non-Argument Calendar.

ADVANCED ESTIMATING SYSTEM, INC., a Florida Corporation, Plaintiff-Counter-Defendant-Appellee,

v.

Timothy J. RINEY, Damon, Inc., a Florida Corporation, Defendants-Counter-Claimants-Appellants,

Leon V. Cursons, Counter-Defendant,

John Wagner Associates, Inc., a California Corporation d/b/a Grabber d/b/a Mike Anderson, Third-Party-Plaintiff.

March 19, 1996.

Appeal from the United States District Court for the Southern District of Florida. (No. 91-8378-CIV-KLR), Kelleth L. Ryskamp, Judge.

Before ANDERSON, BIRCH and CARNES, Circuit Judges.

PER CURIAM:

This appeal arises from a final judgment in a software infringement case entered in favor of the appellee, Advanced Estimating Systems, Inc., against the appellants, Timothy Riney and Damon, Inc. The appellants appeal from the district court's decision denying their Rule 4(a)(5) motion for an extension of time to file notice of appeal.

I.

The district court, following a jury trial, entered final judgment against the appellants, who were the defendants in that court. Following the entry of final judgment in favor of the plaintiff, the appellants had thirty days to file a notice of appeal. Fed.R.App.P. 4(a)(4); *Campbell v. Wainwright,* 726 F.2d

702, 703 (11th Cir.1984). The appellants failed to file their notice of appeal within the allotted 30 days; instead they filed an untimely notice of appeal over three weeks late. Upon realizing the notice was late, the appellants moved the district court for a Rule 4(a)(5) extension of time to file notice of appeal. Before the district court ruled on the appellants' motion for extension, this Court held that the appellants' notice of appeal had been untimely and remanded the case for the district court to determine whether "excusable neglect" was present, within the meaning of Federal Rule of Appellate Procedure 4(a)(5).

After holding a hearing, following remand, the district court decided that the appellants' failure to file a timely notice of appeal was not the result of excusable neglect, and for that reason denied their motion for extension of time to file the appeal. In making that decision, the district court applied the "unique circumstances" standard for determining excusable neglect, *see, e.g., Borio v. Coastal Marine Const. Co.,* 881 F.2d 1053, 1055 (11th Cir.1989). The appellants filed a timely appeal of the order denying their motion for extension of time to file an appeal. Their principal contention is that the district court erred in not applying the excusable neglect standard and analysis that was announced in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership,* 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). We agree.

## II.

The Supreme Court has emphasized that the timely filing of a notice of appeal is "mandatory and jurisdictional." *Griggs v.*

*Provident Consumer Discount Co.,* 459 U.S. 56, 61, 103 S.Ct. 400, 403, 74 L.Ed.2d 225 (1982).  If the notice is not timely filed, the appellate court is without jurisdiction to hear the appeal. *Pinion v. Dow Chem., U.S.A.,* 928 F.2d 1522, 1525 (11th Cir.), *cert. denied,* 502 U.S. 968, 112 S.Ct. 438, 116 L.Ed.2d 457 (1991).  However, a district court is permitted to extend the time for filing an appeal if the party seeking the extension shows "excusable neglect." Fed.R.App.P. 4(a)(5).  The appellants contend that there was excusable neglect in this case because appellants' counsel erroneously believed that the period for filing an appeal had been tolled.

Appellants' counsel believed that his filing of Rule 59 and 60 motions had tolled the time for filing the notice of appeal. Despite the thirty-day time restriction mandated by Rule 4, the running of the appeal period may be tolled by filing one of the motions listed in Rule 4, including a Rule 59 or 60 motion.  Only if such a motion is filed timely, however, will it successfully suspend the appeal period. Fed.R.App.P. 4(a)(4).  Untimely motions under Rules 59 and 60 will not toll the time for filing an appeal. *Gribble v. Harris,* 625 F.2d 1173, 1174 (5th Cir.1980).  Rule 59 and 60 motions are timely if filed within 10 days of entry of final judgment.  Fed.R.Civ.P. 59(b) (a motion for new trial shall be served not later than ten days after the entry of judgment); Fed.R.App.P. 4(a)(4)(F) (a Rule 60 motion will suspend the period of appeal if the motion is served within ten days after the entry of judgment).  The appellants filed their Rule 59 and 60 motions

twelve business days after entry of judgment.[1]  Accordingly, as appellants' concede, their Rule 59 and 60 motions were untimely and thus did not extend the time for filing a notice of appeal.

Although it is clear that appellants' Rule 59 and 60 motions were untimely and thus do not change the late status of appellants' notice of appeal, it is not clear that appellants' counsel's belief to the contrary does not constitute excusable neglect under Rule 4(a)(5).  The Supreme Court recently established a flexible analysis of excusable neglect.  In *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership,* 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), the Court held that an attorney's inadvertent failure to file a proof of claim can constitute excusable neglect under Bankruptcy Rule 9006(b)(1).  *Id.* at 382-84, 113 S.Ct. at 1492.  Interpreting the plain meaning of the phrase "excusable neglect," the Court concluded, "Congress plainly contemplated that the courts would be permitted, [when] appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control."  *Id.* at 388, 113 S.Ct. at 1495.

In clarifying the meaning of excusable neglect as that term is used in Bankruptcy Rule 9006(b)(1), the Supreme Court reviewed the meaning of the term in the context of non-Bankruptcy Rules that

---

[1]Appellants' counsel filed these motions late because he erroneously calendared his deadline for filing the motions based on the date counsel *received* the court's order, instead of the date the order was actually *entered on the docket.  See* Fed.R.Civ.P. 59(b) (motion for new trial shall be served not later than ten days after the entry of judgment);  Fed.R.App.P. 4(a)(4)(F) (Rule 60 motion must be filed within ten days of entry of judgment in order to affect time for filing a notice of appeal).

allow for late filings. *Id.* at 391-94 & 392 n. 9, 113 S.Ct. at 1496-97 & 1496 n. 9 (discussing Federal Rules of Civil Procedure 6(b), 13(f), and 60(b)(1) and (6) and Federal Rule of Criminal Procedure 45(b)). The Court's analysis of what constitutes excusable neglect for purposes of Rule 9006(b)(1) rested on the plain meaning of the term, and consideration of the same term in the context of both the Bankruptcy Rules and the Federal Rules of Civil Procedure. There is no reason that the meaning would be different in the context of Federal Rule of Appellate Procedure 4(a)(5), and one of our recent decisions indicates that it is not.

In *Cheney v. Anchor Glass Container Corp.,* 71 F.3d 848 (11th Cir.1996), we applied *Pioneer* to the meaning of excusable neglect as used in Federal Rule of Civil Procedure 60(b). There is no reason why *Pioneer*'s excusable neglect analysis would apply to the term as used in Rule 60(b) but not as used in Federal Rule of Appellate Procedure 4(a)(5). We hold that *Pioneer* does apply to determinations of excusable neglect within the meaning of Rule 4(a)(5). Our holding is consistent with that of every other circuit to consider this precise issue or the same issue involving the excusable neglect provision of Federal Rule of Appellate Procedure 4(b) (which applies to appeals in criminal cases). *See United States v. Clark,* 51 F.3d 42, 44 (5th Cir.1995) ("We agree ... that *Pioneer* controls determinations of excusable neglect under Rule 4(b)."); *Virella-Nieves v. Briggs & Stratton Corp.,* 53 F.3d 451, 454 n. 3 (1st Cir.1995) ("We agree with the Tenth Circuit that *Pioneer*'s exposition of excusable neglect, though made in the context of late bankruptcy filings, applies equally to Fed.R.App.P.

4(a)(5)."); *Reynolds v. Wagner,* 55 F.3d 1426, 1429 (9th Cir.) ("We are persuaded that "excusable neglect' in the context of Rule 4(a)(5) has the same meaning as the Supreme Court recently determined in the Bankruptcy Rules context."), *cert. denied,* --- U.S. ----, 116 S.Ct. 339, 133 L.Ed.2d 237 (1995); *Fink v. Union Central Life Ins. Co.,* 65 F.3d 722, 724 (8th Cir.1995) ("We believe the *Pioneer* interpretation of excusable neglect under the Bankruptcy Rules also applies when interpreting excusable neglect under Federal Rule of Appellate Procedure 4(a)(5)."); *Candela Laser Corp. v. Cynosure, Inc.,* 43 F.3d 1485, 1994 WL 702194, *2 (Fed.Cir.1994) (unpublished opinion) (applying *Pioneer* excusable neglect analysis to Rule 4(a)(5) excusable neglect); *City of Chanute v. Williams Natural Gas Co.,* 31 F.3d 1041, 1046 (10th Cir.1994) ("Because the Court's analysis of what constitutes "excusable neglect' in the bankruptcy context rested on the plain meaning of the terms, there is no reason that the meaning would be different in the context of Fed.R.App.P. 4(a)(5)."), *cert. denied,* --- U.S. ----, 115 S.Ct. 1254, 131 L.Ed.2d 135 (1995); *United States v. Hooper,* 9 F.3d 257, 259 (2d Cir.1993) ("*Pioneer* thus controls the resolution ... of "excusable neglect' under Rule 4(b)."); *cf. Jackson v. Hoylman,* 12 F.3d 212, 1993 WL 501591, *5 (6th Cir.1993) (unpublished opinion) (applying *Pioneer* excusable neglect analysis to Rule 6(b)).

### III.

In *Pioneer,* the Supreme Court held that when analyzing a claim of excusable neglect, courts should "tak[e] account of all relevant circumstances surrounding the party's omission," including "the

danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 395, 113 S.Ct. at 1498. Primary importance should be accorded to the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration. *Cheney,* 71 F.3d at 850. To the extent that our past decisions interpreting excusable neglect apply an unduly strict standard in conflict with *Pioneer,* they are no longer controlling precedent.

Although we review excusable neglect decisions only for an abuse of discretion, application of an incorrect legal standard is an abuse of discretion. *Cheney,* 71 F.3d at 849 n. 2. By applying the "unique circumstances" standard of excusable neglect, which it construed as not being satisfied by "mere palpable mistake or administrative failure of counsel or counsel's staff," instead of the more forgiving *Pioneer* standard, the district court erred.

The appellants urge us to apply the *Pioneer* standard in the first instance, and *Cheney* establishes that we can do so, at least in some cases. However, nothing about *Pioneer* changed the excusable neglect decision into a mechanical one devoid of any room for the exercise of discretionary judgment. *See Pioneer,* 507 U.S. at 392, 113 S.Ct. at 1496 (" "excusable neglect' ... is a somewhat "elastic concept' "). Accordingly, the district court will often have some range of choice in deciding excusable neglect issues. *See United States v. Kelly,* 888 F.2d 732, 745 (11th Cir.1989) ("the abuse of discretion standard allows "a range of choice for the

district court, so long as that choice does not constitute a clear error of judgment").  In view of that, and under the circumstances of this case, we prefer to remand this case to the district court in order to give it the first opportunity to decide the excusable neglect issue, under the legal standard of *Pioneer,* as applied in *Cheney.  See Macklin v. Singletary,*   24 F.3d 1307, 1311 (11th Cir.1994) ("We should be more reluctant to address initially an issue that is subject to an abuse of discretion standard of review than an issue subject to a *de novo* standard of review."), *cert. denied,* --- U.S. ----, 115 S.Ct. 1122, 130 L.Ed.2d 1085 (1995).

## IV.

We VACATE the district court's order denying the appellants' Rule 4(a)(5) motion and REMAND the case to the district court for further proceedings consistent with this opinion.