[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-15597
Non-Argument Calendar

_____

D.C. Docket No.  1:15-cv-00287-TWT

ALEX HIGDON,

Plaintiff-Appellant,

versus

JUDGE GAIL S. TUSAN,
KRYSTAL MOORE,
JUDGE BENSONETTA TIPTON-LANE,
GEORGIA LORD,
Former Staff Attorney,
JUDGE KELLY LEE ELLERBE, et al.,

Defendants-Appellees.

_____

No. 15-15742
Non-Argument Calendar

_____

D.C. Docket No.  1:15-cv-03001-TWT

ALEX HIGDON,

Plaintiff-Appellant,

versus

FULTON COUNTY, GEORGIA, USA,
JUDGE CYNTHIA WRIGHT,
JUDGE GAIL S. TUSAN,
JOHN H. EAVES,
County Commissioner,

Defendants-Appellees.

_____

No. 16-10446
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-00506-TWT

ALEX HIGDON,

Plaintiff-Appellant,

versus

JUDGE GAIL S. TUSAN,

Defendant-Appellee.

_____

Appeals from the United States District Court
for the Northern District of Georgia
_____

(December 20, 2016)

Before MARCUS, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

2

Alex Higdon, proceeding pro se, appeals from the district court's dismissal of three of his pro se lawsuits against various defendants involved in his Fulton County, Georgia ("Fulton County") divorce, child custody, and child support proceedings. We have consolidated those three appeals for appellate review. As for appeal no. 16-10446, we affirm the district court's denial of Higdon's motion to reconsider its denial of his motion to produce an order. As for the other two cases, however, we vacate the district court's orders because neither order contains sufficient explanation of the district court's ruling to provide us with an opportunity to engage in meaningful appellate review.

We review the denial of a Fed. R. Civ. P. 60(b) motion for abuse of discretion. Jackson v. Crosby, 437 F.3d 1290, 1295 (11th Cir. 2006). We review motions to dismiss for failure to state a claim de novo, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff. Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005). We must resolve on our own motion whether we have appellate jurisdiction even if no party raises the issue. Holloman v. Mail-Well Corp., 443 F.3d 832, 844 (11th Cir. 2006).

As an initial matter, we lack jurisdiction to review several orders issued in the suit Higdon filed in February 2013. A notice of appeal in a civil case typically must be filed within 30 days of the entry of the judgment appealed from. Fed. R. App. P. 4(a)(1)(A). If a party timely moves to alter or amend a judgment under

3

Fed. R. Civ. P. 59(e), the time to appeal runs from the entry of the order resolving that motion. Fed. R. App. P. 4(a)(4)(A)(iv). Under Rule 59(e), a motion to alter or amend a judgment must be filed within 28 days of the entry of the judgment. A timely motion to alter or amend a judgment suspends the finality of the judgment for purposes of appeal and tolls the time to take an appeal. Advanced Estimating Sys., Inc. v. Riney, 77 F.3d 1322, 1323 (11th Cir. 1996). The time limit to file a Rule 59(e) motion is jurisdictional and cannot be extended. Dresdner Bank AG v. M/V OLYMPIA VOYAGER, 465 F.3d 1267, 1271 (11th Cir. 2006). District courts have discretion to consider amendments to timely Rule 59(e) motions before deciding the motion's merits. Id. But an amended Rule 59(e) motion does not supersede the original for purposes of timeliness or tolling. Id. at 1271-72.

Notably, the label a party gives a motion brought under Rule 59 or 60 is not binding on the court, and we may discard an inappropriate label to render a decision based on the motion's substance and the interests of justice. Smith v. U.S. Parole Comm'n, 721 F.2d 346, 348 (11th Cir. 1983). Fed. R. Civ. P. 60(b) allows a party to move for relief from a final judgment in certain circumstances, and the catchall provision in Rule 60(b)(6) authorizes relief for any other reason that justifies relief. Relief under Rule 60(b)(6) is an extraordinary remedy that may be invoked only upon a showing of exceptional circumstances. Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984).

4

In the case filed in February 2013 (underlying appeal no. 16-10446), Higdon filed a timely Rule 59(e) motion, and then an amendment to that motion. Although the order is somewhat ambiguous, a later order from the district court clarified that it denied both Rule 59(e) motions on June 19, 2013. This means that Higdon's time to appeal the underlying judgment expired long before he filed a notice of appeal in February 2016. See Fed. R. App. P. 4(a)(1)(A), 4(a)(4)(A)(iv).[1] As a result, Higdon's notice of appeal was timely only as to his later-filed motion to reconsider the district court's denial of his motion to produce an order on his amended Rule 59(e) motion -- the district court denied that motion to reconsider in January 2016, and he filed a notice of appeal in February 2016. Construing that motion as a motion for relief from an order under Fed. R. Civ. P. 60(b)(6), we conclude that the district court did not abuse its discretion in denying it. As we've already noted, the district court entered an order denying his amended Rule 59(e) motion in June 2013. Therefore, we affirm as to appeal no. 16-10446.

As for the orders in Higdon's other two cases, however, we vacate and remand to the district court. In the second lawsuit (underlying appeal no. 15-

---

[1] If we were to construe the June 2013 order as denying Higdon's first Rule 59(e) motion, and as allowing Higdon to file a second Rule 59(e) motion, that second motion would not have been timely under Rule 59(e). See Advanced Estimating, 77 F.3d at 1323. And even though the district court would have had discretion to construe the second Rule 59(e) motion as a Rule 60(b) motion (and nothing suggests that it did so), Higdon still would not have been entitled to relief. As the record reveals, he could not have shown that Rule 60(b) relief would have been warranted in the interests of justice. In the complaint, Higdon claims only violations of the United States Constitution, but several were barred by judicial immunity, and the remaining ones failed to state a claim under the First Amendment or Due Process clauses.

5

15597), Higdon filed a 274-page 76-count amended complaint in federal district court, raising claims under 42 U.S.C. §§ 1983, 1985, and 1986. He named Judge Gail Tusan; Judge Bensonetta Tipton Lane; Judge Kelly Lee Ellerbe; Judge Todd Markle; Judge Cynthia Wright; Krystal Moore (Judge Tusan's former staff attorney); Jennifer Ventry (Judge Markle's staff attorney); Beth Baer (Judge Ellerbe's staff attorney); Debra Beacham; Fulton County; and County Commissioner John Eaves as defendants in his lawsuit. All defendants except Beacham filed motions to dismiss, alleging various grounds for dismissal under Fed. R. Civ. P. 12(b). In granting the motions to dismiss, the district court issued an order that engaged the merits of the case in only two sentences. The first sentence announced that Higdon's claims against the judges were barred by judicial immunity and the statute of limitations, and the second announced that Higdon had failed to state a plausible claim for relief against the staff attorneys, "the Commissioners," and the county. The order did not mention Beacham at all.

The order concerning his third lawsuit (underlying appeal no. 15-15742) was similarly brief. There, Higdon filed a 57-page complaint alleging 7 causes of action under 42 U.S.C. § 1983, against Fulton County, Judge Wright, Judge Tusan, and Commissioner Eaves. All defendants filed motions to dismiss under Fed. R. Civ. P. 12(b). The district court dismissed Higdon's complaint in an order that contained three sentences engaging the merits of his complaint and the motions to

dismiss.  The first stated that Higdon failed to state a claim against Judge Tusan and Judge Wright, without further elaboration.  The second stated that, regardless, the judges were entitled to absolute immunity.  Finally, the third sentence stated that Higdon's claims were barred by the abstention doctrines established by Rooker v. Fid. Trust Co., 263 U.S. 413 (1923), and D.C. Ct. App. v. Feldman, 460 U.S. 462 (1983) (collectively known as the "Rooker-Feldman" doctrine), and Younger v. Harris, 401 U.S. 37 (1971).

A district court's discretion to dismiss a complaint without leave to amend is "severely restricted" by Fed. R. Civ. P. 15(a), which directs that leave to amend be freely given when justice so requires.  Thomas v. Town of Davie, 847 F.2d 771, 773 (11th Cir. 1988) (quotation omitted).  Unless substantial reason to deny leave to amend exists, the district court's discretion is not broad enough to permit denial. Id.  We've instructed district courts to provide sufficient explanations of their rulings so that we have an opportunity to engage in meaningful appellate review. Danley v. Allen, 480 F.3d 1090, 1091 (11th Cir. 2007).

Here, we are compelled to conclude that the district court's orders do not allow for meaningful appellate review.  In the second lawsuit, the district court's order on Higdon's 274-page, 76-claim complaint contains only two sentences that address the merits of Higdon's complaint.  Notably, the order does not include a discussion of the facts, Higdon's claims for relief, or any law relating to immunity

7

or the statute of limitations. Furthermore, the order does not dispose of Beacham, and provides that Higdon failed to state a claim against "the Commissioners," even though only one commissioner was sued. Additionally, because the statute of limitations is an affirmative defense that must be pled, and only Judge Tusan raised that defense, Higdon's claims against Judge Lane and Judge Wright could not have been dismissed on that ground sua sponte.

The same is true of the order in the third case. That order dismissed Higdon's complaint in three relevant sentences, without an analysis of the facts contained in his complaint, or of any of the law relating to judicial immunity, the Rooker-Feldman doctrine, or Younger abstention. While the order said that it granted the joint motion to dismiss filed by Fulton County and Commissioner Eaves, it provided no basis for the dismissal as to Commissioner Eaves, again, making it difficult for us to perform our appellate function.

Accordingly, we vacate and remand to allow the district court to analyze Higdon's claims in full. We also conclude that the court abused its discretion by denying Higdon a chance to amend his complaints, without a showing of a substantial reason to deny leave to amend.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**