[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10129
Non-Argument Calendar
_____

D.C. Docket No. 2:17-cv-00019-LGW-RSB

PATRICIA D. DEVER,

Plaintiff - Appellant,

versus

FAMILY DOLLAR STORES OF GEORGIA, LLC,
DARRYL MARTIN,
Individually and as Employee and Agent of
Family Dollar Stores, LLC,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(November 2, 2018)

Before WILSON, JILL PRYOR and JULIE CARNES, Circuit Judges.

PER CURIAM:

This appeal presents the question of whether the district court abused its discretion in denying plaintiff Patricia Dever's motion to add Deon Manning as a defendant—after defendant Family Dollar Stores of Georgia, LLC, removed the case to federal court—when Manning's joinder would destroy diversity and deprive the district court of subject matter jurisdiction. After considering the specific facts of this case, we conclude that the district court made a clear error of judgment and abused its discretion in denying Dever's motion. We thus vacate and remand for further proceedings.

## I.    FACTUAL BACKGROUND

Dever was shopping at a Family Dollar store when she fell and was injured. In state court, she sued Family Dollar and Darryl Martin, a Georgia citizen, who she alleged was responsible for the store's premises at the time of her fall. Family Dollar removed the case to federal district court, claiming that Martin had been fraudulently joined as a defendant because he began working for Family Dollar after Dever was injured. Family Dollar contended that if Martin's citizenship was ignored, there was complete diversity because Dever was a citizen of Georgia and Family Dollar was a limited liability corporation organized under Virginia law

2

with one member, a corporation that was organized under Delaware law with its principal place of business in North Carolina.

After Family Dollar removed the case to federal court, Dever learned from Family Dollar's counsel that Manning had been the store manager and thus was responsible for the premises at the time of her fall. Dever then filed a motion for substitution of a party, asking the district court to allow her to replace Martin with Manning as the individual defendant, and to remand the case. Family Dollar opposed this request, arguing that district court should not allow Dever to add Manning, whose joinder would destroy diversity, after Family Dollar removed the case.

The district court denied Dever's motion to join Manning as a defendant. The district court explained that 28 U.S.C. § 1447(e) provides that when, after removal, a plaintiff seeks to add an additional defendant whose joinder would deprive the court of subject matter jurisdiction, the district court has discretion to permit joinder and remand the action to state court or to deny joiner. In deciding not to exercise its discretion to allow Dever to join Manning, the district court found that Dever sought to add a nondiverse defendant after Family Dollar removed the case, which suggested that her motivation was to defeat federal jurisdiction. The district court did not consider or address the fact that Dever had

3

sought to sue the store manager in her original complaint, although she mistakenly identified him as Martin.

After Dever's motion for substitution and to remand was denied, Family Dollar moved for summary judgment, arguing that Dever had failed to establish that it was liable under Georgia law as the premises owner. **[DE 27-1.]** The district court agreed and granted summary judgment to Family Dollar. **[DE 32.]** This is Dever's appeal.

## II.    STANDARD OF REVIEW

We review for abuse of discretion a district court's decision not to allow a plaintiff after removal to join a defendant whose joinder would destroy diversity and deprive the court of subject matter jurisdiction. *See* 28 U.S.C. § 1447(e); *Ingram v. CSX Transp., Inc.*, 146 F.3d 858, 862 (11th Cir. 1998). "By definition, the abuse of discretion standard allows a range of choice for the district court, so long as that choice does not constitute a clear error of judgment." *Statewide Detective Agency v. Miller*, 115 F.3d 904, 906 (11th Cir. 1997) (alteration adopted) (internal quotation marks omitted). But "[a] district court abuses its discretion when its factual findings are clearly erroneous, when it follows improper procedures, when it applies the incorrect legal standard, or when it applies the law in an unreasonable or incorrect manner." *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016).

4

## III.    LEGAL ANALYSIS

Dever challenges two of the district court's rulings on appeal:  (1) the denial of her motion for substitution of a party and to remand and (2) the grant of Family Dollar's motion for summary judgment.[1]  We conclude that the district court abused its discretion in denying Dever's motion for substitution because the court made a clear error of judgment when it found that Dever sought to add a nondiverse defendant—the store manager—for the first time after removal.  We remand so that the district court may exercise its discretion to decide whether to allow Manning to be joined as a defendant in light of the fact that Dever sought to sue the store manager before removal but identified the wrong person in her original complaint.  Because the district court's decision will control whether subject matter jurisdiction exists, we do not reach the issue of whether the district court erred in granting summary judgment to Family Dollar.

A defendant in a case originally filed in state court may remove the case to federal district court if the district court could have exercised original jurisdiction. 28 U.S.C. § 1441(a).  But a removed case must be remanded to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."  *Id.* § 1447(c).

---

[1] In general, only a final order is appealable.  *Barfield v. Brierton*, 883 F.2d 923, 930 (11th Cir. 1989).  But "the appeal from a final judgment draws in question all prior non-final orders and rulings which produced the judgment."  *Id.*  We thus may review the district court's order denying the motion for substitution and to remand.

5

Family Dollar contends that it was authorized to remove this case because there was diversity jurisdiction. *See id.* § 1332(a)(1). We accept that when Family Dollar removed the case, complete diversity existed.[2] The twist here is that after Family Dollar removed the case, Dever sought to amend her complaint to add Manning as a defendant, which would destroy diversity jurisdiction. Congress has given district courts broad discretion to decide whether, after removal, to permit joinder of a new defendant who would destroy diversity: "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." *Id.* § 1447(e); *see Ingram*, 146 F.3d at 862.

We have not previously addressed how a district court should decide whether to permit or deny joinder of a nondiverse defendant after removal. In most cases the Federal Rules of Civil Procedure liberally allow a plaintiff to join a new defendant. Rule 15(a) of the Federal Rules of Civil Procedure provides that courts "should freely give leave" to amend "when justice so requires," and Rule 20 permits joinder of proper parties. Fed. R. Civ. P. 15(a), 20. But a district court must scrutinize more closely an amended pleading that would name a new

---

[2] It was appropriate for the district court to ignore Martin's citizenship in determining whether complete diversity existed because there was no possibility that Dever could establish a cause of action against him given the parties' agreement that he began working for Family Dollar after Dever was injured. *See Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561-62 (11th Cir. 1989).

6

nondiverse defendant in a removed case because justice requires that the district court also balance the defendant's interests in maintaining the federal forum. *See Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987) ("[T]he addition of a nondiverse party must not be permitted without consideration of the original defendant's interest in the choice of forum."); *accord Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 759 (7th Cir. 2009); *Bailey v. Bayer CropScience L.P.*, 563 F.3d 302, 309 (8th Cir. 2009); *Mayes v. Rapoport*, 198 F.3d 457, 462-63 (4th Cir. 1999).

In deciding whether to permit a plaintiff to join a nondiverse defendant after removal, a district court should "consider the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether [the] plaintiff has been dilatory in asking for amendment, whether [the] plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Hengens*, 833 F.2d at 1182. The district court then must balance the equities and decide whether the amendment should be permitted. If the court permits the joinder of the nondiverse defendant, it must remand the case to state court. If it declines to allow the joinder, the federal court maintains jurisdiction. *Id.*

In general, a district court has broad discretion in weighing these factors to decide whether to permit or deny an amendment. *See id.* We acknowledge that the district court considered these factors. The problem is that the district court made a

7

clear error in judgment when, in assessing the factors, it found that Dever sought to add a nondiverse defendant for the first time *after* Family Dollar removed the case. The pleadings in this case definitively establish that *before* Family Dollar removed the case, Dever sought to sue a nondiverse party—the individual who was working as the store manager when her fall occurred—but was mistaken in believing that the manager was Martin. Once Dever learned that Manning, not Martin, was the store manager on duty when she was injured, she filed the motion for substitution in order to name the correct individual as a defendant. Importantly, if Dever had identified Manning in her initial complaint, Family Dollar would have been unable to remove the case because it would have had no basis for claiming that Manning was fraudulently joined.

In urging us to affirm the district court, Family Dollar relies on the district court's reasoning in *Linares v. Home Depot U.S.A., Inc.*, No. 12-60308-CIV, 2012 WL 1441577 (S.D. Fla. Apr. 26, 2012). In *Linares*, the plaintiff sued Home Depot after falling in a store. *Id.* at *1. After Home Depot removed the case to federal court, the plaintiff sought to amend the complaint to add an individual employee as a defendant and to remand the action because the addition of the employee destroyed diversity jurisdiction. *Id.* The district court refused to allow the joinder of the employee, pointing out that the plaintiff only sought to add the nondiverse defendant after the case was removed. *Id.* at *2-3. *Linares*, of course, is not

binding. In any event, we are unpersuaded that its reasoning applies here. Unlike the plaintiff in *Linares* who attempted to bring a claim against an individual employee only after the case was removed, Dever sought to bring a claim against the store manager when she filed her original complaint in state court.

We vacate the district court's order denying the motion to substitute a party and remand so that the court may consider whether to allow Dever to substitute Manning as a party defendant in light of the fact that she sought to bring a claim against the store manager in her original complaint but was mistaken as to his identity. We leave it to the district court to decide in the first instance whether, in light of a correct understanding of when Dever originally sought to bring a claim against the store manager, Manning should be joined as a party. *See Advanced Estimating Sys., Inc. v. Riney*, 77 F.3d 1322, 1325 (11th Cir. 1996) (concluding that the district court abused its discretion by applying the wrong standard in denying motion; remanding so that the district court could decide the motion under the correct standard). Given the possibility that the district court may allow Dever to substitute Manning as a defendant, which would deprive the court of subject matter jurisdiction and require the case to be remanded to state court, we also

vacate the district court's order granting summary judgment.  We express no opinion on the merits of Family Dollar's summary judgment motion.[3]

## IV.    CONCLUSION

For the reasons set forth above, we vacate the district court's order denying Dever's motion to substitute and remand.  We also vacate the district court's order granting summary judgment.  We remand for further proceedings consistent with this opinion.

**VACATED AND REMANDED.**

---

[3] When the case was removed, the parties agreed that it was impossible for Dever to state a claim for relief against Martin.  But the district court did not enter an order finding that Martin was fraudulently joined or dismissing the claim against him.  Martin then filed a motion for summary judgment, which the district court granted.  If, upon remand, the district court denies the motion for substitution and retains jurisdiction over the case, it should consider whether Dever's claim against Martin should be dismissed.  *See Florence v. Crescent Res., LLC,* 484 F.3d 1293, 1297 (11th Cir. 2007) (explaining that when there is fraudulent joinder "the federal court must dismiss the non-diverse defendant").