[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-10882
Non-Argument Calendar

_____

D.C. Docket No. 6:16-cv-00231-GKS-KRS

STEVEN GONCALVES,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 14, 2018)

Before TJOFLAT, WILSON, and JORDAN, Circuit Judges.

PER CURIAM:

Steven Goncalves, a Florida prisoner proceeding pro se, appeals the district court's denial of his motion to extend the time to file a notice of appeal from the order denying his 28 U.S.C. § 2254 petition for a writ of habeas corpus.  On appeal, Goncalves argues that the district court abused its discretion in denying his motion because the district court did not consider all of the necessary factors in determining whether he established excusable neglect.  We agree and remand.

We review a district court's denial of a motion to extend the time for filing a notice of appeal for abuse of discretion.  *Advanced Estimating Sys., Inc. v. Riney*, 130 F.3d 996, 997 (11th Cir. 1997).  "A district court abuses its direction if it applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, follows improper procedures in making a determination, or makes findings of fact that are clearly erroneous."  *Citizens for Police Accountability Political Comm. v. Browning*, 572 F.3d 1213, 1216−17 (11th Cir. 2009) (per curiam).

A notice of appeal in a civil case is generally timely if it is filed no later than 30 days after the challenged order or judgment is entered on the docket.  FED. R. APP. P. 4(a)(1)(A).  The time for filing a notice of appeal may be extended if (1) a party moves for an extension within 30 days of the original deadline for filing the notice of appeal and (2) the moving party shows "excusable neglect or good cause."  FED. R. APP. P. 4(a)(5)(A).  The excusable neglect standard applies where

2

the need for the extension was caused by something within the movant's control. *See Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 394 (1993).

In *Pioneer*, the Supreme Court articulated the standard by which courts should determine whether excusable neglect has been established under Federal Rule of Bankruptcy Procedure 9006(b)(1). The Court explained that the determination of excusable neglect "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission," and instructed courts to consider four factors in determining whether the neglect is excusable, including: (1) the danger of prejudice to the nonmoving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the movant's reasonable control; and (4) whether the movant acted in good faith. *Id.* at 395.

We have since held that the standard articulated in *Pioneer* applies to the "excusable neglect" analysis in Federal Rule of Appellate Procedure 4(a)(5). *See, e.g.*, *Advanced Estimating Sys., Inc. v. Riney*, 77 F.3d 1322, 1324 (11th Cir. 1996) (per curiam). The use of a different, stricter standard constitutes an abuse of discretion. *Id.* at 1325 (holding that the district court abused its discretion by requiring a showing of "unique circumstances" to show excusable neglect, which could not be met by mere mistakes). We have also held that a district court abuses

its discretion when it does not consider and apply the *Pioneer* factors in its analysis of excusable neglect.  *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1356 (11th Cir. 2009).

Here, the district court did not consider and apply the factors established in *Pioneer* in determining whether excusable neglect is present.  While the district court did note that the delay was within the movant's control, one factor in the *Pioneer* analysis, the district court failed to consider both the prejudice to the nonmoving party and the impact on the administration of justice, the two factors we have previously recognized as having primary importance in the analysis.  *See Walter v. Blue Cross & Blue Shield United of Wis.*, 181 F.3d 1198, 1201 (11th Cir. 1999).

The district court's failure to consider and apply the correct legal standard and *Pioneer* factors constitutes an abuse of discretion.  For these reasons, we vacate and remand the case to the district court for further proceedings.

**REMANDED.**