[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-12871
Non-Argument Calendar

_____

D.C. Docket No. 1:19-cv-00149-TFM-B

EMOGENE R. BROWN,

Plaintiff-Appellant,

versus

DR. LLYAS SHALKH,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(September 29, 2020)

Before WILLIAM PRYOR, Chief Judge, ROSENBAUM and ANDERSON,
Circuit Judges.

PER CURIAM:

Emogene Brown appeals *pro se* the *sua sponte* dismissal without prejudice

of her second amended complaint against Dr. Llyas Shalkh and her postjudgment

motion for pain and suffering. The district court dismissed Brown's complaint and her motion for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3). We affirm the dismissal of Brown's motion, and we dismiss for lack of jurisdiction the part of her appeal challenging the dismissal of her second amended complaint.

We are obligated *sua sponte* to inquire into our jurisdiction whenever it may be lacking. *Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990, 996 (11th Cir. 2020). We review *de novo* the dismissal of a complaint for lack of subject-matter jurisdiction. *Dixon v. Hodges*, 887 F.3d 1235, 1237 (11th Cir. 2018). "[A]lthough we . . . give liberal construction to the pleadings of *pro se* litigants, we nevertheless . . . require[] them to conform to procedural rules." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (internal quotation marks omitted).

We lack jurisdiction to review the dismissal of Brown's second amended complaint because she failed to timely appeal the ruling. An appellant must file a written notice of appeal in a civil case "within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). "[T]imely filing of a notice of appeal is 'mandatory and jurisdictional.'" *Advanced Estimating Sys., Inc. v. Riney*, 77 F.3d 1322, 1323 (11th Cir. 1996) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 61 (1982)). After the district court dismissed Brown's second amended complaint on June 17, 2019, she waited 39 days, until July 26, 2019, to file her notice of appeal. Brown did not seek to extend the deadline. Her

2

postjudgment motion for pain and suffering does not mention her second amended complaint, much less request an extension of time to appeal its dismissal. *See* Fed. R. Civ. P. 4(a)(5). And Brown's motion, in which she requests compensation because the doctor "worked on [her] arm" instead of treating her "neck injury [that] happen[ed] 20 year[s] ago," is not a postjudgment motion that tolls the 30-day deadline. *See* Fed. R. App. P. 4(a)(4)(A). We dismiss the part of Brown's appeal that challenges the dismissal of her second amended complaint.

The district court correctly dismissed Brown's postjudgment motion for lack of jurisdiction. As the district court explained in its orders instructing Brown to amend her original and amended complaints, she had to allege facts establishing that her civil action either "ar[ose] under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, or involved "citizens of different States" and an amount in controversy that exceeded \$75,000, *id.* § 1332(a)(1). Brown's action for medical malpractice does not involve a federal question, *see id.* § 1331, and her allegation that she and the doctor reside in Mobile, Alabama, defeats jurisdiction based on diversity of citizenship, see *id.* § 1332.

We **AFFIRM** the dismissal of Brown's second amended complaint.