[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-13142

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JOHN DAVID CALANDRA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:04-cr-00104-JSM-E_J-1

_____

Before JORDAN, GRANT, and LAGOA, Circuit Judges.

PER CURIAM:

John Calandra appeals the district court's denial of his motion to be removed from Florida's sex offender registry. Following Calandra's late appeal, this Court remanded for the district court to determine whether Calandra could show excusable neglect. The district court concluded that he could, and we agree. We also agree with the court's conclusion that it lacked power to grant the requested relief.

## I.

In 2004, a grand jury charged John Calandra with possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). Calandra pleaded guilty, and the district court sentenced him to 30 months' imprisonment and 3 years of supervised release. As a condition of supervised release, the court ordered Calandra to "register with the sex offender registration agency" in his home state.

Eighteen years later, in 2002, Calandra filed a pro se motion requesting that the district court remove him from Florida's sex offender registry. The district court denied the motion, explaining that, as Calandra had completed his term of supervised release, the court no longer had the authority to determine his sex offender status for the state in which he resides. After Calandra appealed that decision, the government moved to dismiss the appeal as untimely. Calandra had failed to file his notice of appeal within the

required fourteen days. But since he filed his appeal within thirty days of the deadline, we treated his appeal as a motion for extension of time and remanded to the district court for a determination of good cause or excusable neglect. *See United States v. Ward*, 696 F.2d 1315, 1317–18 (11th Cir. 1983).

On remand, the district court concluded that Calandra had shown excusable neglect warranting an extension of the appeal period. Calandra filed the appeal pro se, mistakenly believing the deadline to be thirty days, while suffering from health issues that make the day-to-day management of tasks a great difficulty. The district court found that Calandra had not acted in bad faith, that the government would not suffer any prejudice from allowing the appeal to continue, and that granting an extension was in the interest of efficient judicial administration.

## II.

We review the district court's finding of excusable neglect for abuse of discretion. *Advanced Estimating Sys., Inc. v. Riney*, 77 F.3d 1322, 1325 (11th Cir. 1996). "This Court previously has recognized that the phrase 'excusable neglect' may include, when appropriate, late filings caused by inadvertence, mistake, or carelessness under certain circumstances." *Locke v. SunTrust Bank*, 484 F.3d 1343, 1346 (11th Cir. 2007). Calandra—due to his health and age, and with no ill will—missed the appeal deadline. The district court here weighed the proper factors and did not abuse its discretion when it found excusable neglect for missing the deadline.

Despite Calandra's excusable neglect for missing the filing deadline, the district court properly determined that it was incapable of granting Calandra his requested relief. As "courts of limited jurisdiction," federal courts "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Indeed, it is "presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citation omitted).

Calandra has not met this burden. Florida's sex offender registry is managed by the state, and Calandra cites no authority under which a federal court may order a registrant removed from it. He points to the Sex Offender Registration and Notification Act, but that Act only requires defendants to register with the appropriate registry in their jurisdiction. *See* 34 U.S.C. § 20901, *et seq.* It does not authorize federal courts to manage those state-run registries. *See id.* That the district court could once order Calandra to register with a state does not mean that it can now order Florida to remove Calandra from its registry.

Because Calandra did not identify any grant of power by which federal courts may direct states to remove defendants from their sex offender registries, the district court lacked jurisdiction to entertain his claim. *See Kokkonen*, 511 U.S. at 377. As a technical matter, because it was without jurisdiction, the district court should have dismissed the case instead of denying the motion. *Cf. Cani v. United States*, 331 F.3d 1210, 1216 (11th Cir. 2003). Here,

though, that is a distinction without a difference.  We therefore construe the court's order denying Calandra's motion as a dismissal for lack of subject-matter jurisdiction.

★    ★    ★

With this understanding, we **DENY** the government's motion to dismiss the appeal as untimely, and we **AFFIRM** the district court's order.